# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In Re: Warren | : | Case No. 07-10942 |
| | : | Chapter 13 |
| | : | Judge Fox |
| SSN: 3451 | : | |
| | : | |
| | : | |
| : | | |
| | : | |
| Debtor(s). | : | Mary R. Warren |

## FOURTH AMENDED CHAPTER 13 PLAN

1. Payments to the Trustee: The future earnings or other future income of the Debtor are submitted to the supervision and control of the Trustee. The Debtor shall pay to the Trustee the sum of:

   $1250 prior to October 1, 2007 then **$125** per month therafter.

2. Plan Length: This plan is estimated to be for **60 months.**

3. Allowed claims against the Debtor shall be paid in accordance with the provisions of the Bankruptcy Code and this Plan.

   a. Secured creditors shall retain their mortgage, lien or security interest in collateral until the amount of their allowed secured claims have been fully paid or until the Debtor has been discharged. Upon payment of the amount allowed by the Court as a secured claim in the Plan, the secured creditors included in the Plan shall be deemed to have their full claims satisfied and shall terminate any mortgage, lien or security interest on the Debtor's property which was in existence at the time of the filing of the Plan, or the Court may order termination of such mortgage, lien or security interest.

   b. Creditors who have co-signers, co-makers, or guarantors ("Co-Obligors") from whom they are enjoined from collection under 11 U.S.C. §1301, and which are separately classified and shall file their claims, including all of the contractual interest which is due or will become due during the consummation of the Plan, and payment of the amount specified in the proof of claim to the creditor shall constitute full payment of the debt as to the Debtor and any Co-Obligor.

  c. All priority creditors under 11 U.S.C. §507 shall be paid in full in deferred cash payments.

4. From the payments received under the Plan, the Trustee shall make disbursements as follows:

  a. Administrative Expenses
    **(a) Trustee's Fee: Not Greater than 10%**
    (b) Attorney's Fee (unpaid portion): 500

  b. Priority Claims under 11 U.S.C. §507
    NONE - First mortgage to be paid by Debtor outside Plan.

  c. Secured Claims
    (1) Secured debts which will not extend beyond the length of the Plan: none

    (2) Secured debts which will extend beyond the length of the Plan: Mortgage. Any secured arrears to be paid within the plan prior to any distribution for unsecured claims. To the extent that no secured creditor claims arrears, then plan payments are to be distributed to secured creditors pro rata with interest and to unsecured claims pro rata without interest based outstanding claim amounts as of date of filing.

  d. Unsecured Claims
    (1) Special Nonpriority Unsecured: Debtors which are co-signed or are non-dischargable shall be paid in full (100%).

    (2) General Nonpriority Unsecured: Other unsecured debts shall be paid pro rata with no interest if the creditor has no co-obligors, provided that where the amount or balance of any unsecured claim is less than $10.00 it may be paid in full.

6. The Debtor shall make regular payments directly to the following creditor:

EMC Mortgage

9. The following executory contracts of the Debtor are rejected:

10. The following liens shall be avoided pursuant to 11 U.S.C. §522(f), or other applicable sections of the Bankruptcy Code.
None

11. Title to the Debtor's property shall revest in Debtor on confirmation of a Plan.


Date: <u>November 5, 2007</u>         Signature   /s/ <u>Mary Warren</u>
                                       <mark>DEBTOR NAME HERE</mark>